```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
QING DONG,

                         Plaintiff,

         -against-                              MEMORANDUM & ORDER
                                                13-CV-0255(JS)(ARL)
TOWN OF NORTH HEMPSTEAD,

                         Defendant.
----------------------------------------x
APPEARANCES
For Plaintiff:     Ronald S. Ramo, Esq.
                   135-25 114th Street
                   South Ozone Park, NY 11420

For Defendant:     Howard Marc Miller, Esq.
                   Bond, Schoeneck & King
                   1399 Franklin Avenue, Suite 200
                   Garden City, NY 11530
```

SEYBERT, District Judge:

Currently pending before the Court is defendant Town of North Hempstead's ("Defendant") motion to dismiss plaintiff Qing Dong's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, Defendant's motion is GRANTED.

### BACKGROUND[1]

On January 3, 2006, Defendant enacted a zoning ordinance that included a prohibition on the development of vacant corner lots that were at least 100 feet wide on each side

---

[1] The facts provided below are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

adjacent to the street. (Compl. ¶ 4.) In September 2008, Plaintiff purchased an undeveloped parcel of land located in the Town of North Hempstead at the corner of Rutland Road and Somerset Drive (the "Property"). (Compl. ¶¶ 5, 7.) The Property's dimensions measure 154 feet by 80 feet. (Compl. ¶ 6.)

In October 2008, Plaintiff applied for, and was denied, a building permit by Defendant's Department of Buildings because the Property's dimensions did not meet the zoning ordinance requirements to allow for development. (Compl. ¶ 8.) Plaintiff subsequently sought a variance from the Town of North Hempstead Board of Zoning Appeals ("BZA"), but such application was also denied. (Compl. ¶¶ 9, 11.)

On November 12, 2009, Plaintiff commenced an Article 78 proceeding in the Supreme Court of New York, Nassau County to review the BZA's decision on her application for a variance. (Compl. ¶ 12.) The Supreme Court sustained the BZA's decision denying Plaintiff's application for a variance. (Compl. ¶ 13.) In May 2011, on appeal, the Appellate Division, Second Department likewise affirmed denial of a variance. (Compl. ¶¶ 14, 16.)

Plaintiff commenced this action on January 16, 2013 alleging a Fifth Amendment takings claim under the United States Constitution and seeking an injunction to require Defendant to either issue Plaintiff a building permit or a variance.

2

DISCUSSION

Defendant now moves to dismiss the Complaint because Plaintiff's claims are not ripe for review and are barred by collateral estoppel. The Court will first discuss the applicable standards of review before turning to Defendant's motion more specifically.

I. Standards of Review

   A. Under Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Morrison v. Nat'l Australia Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008). The Court must accept as true the factual allegations contained in the complaint, but it will not draw argumentative inferences in favor of Plaintiffs because subject matter jurisdiction must be shown affirmatively. See id.; Atlanta Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving

3

by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113.

 B. Under Rule 12(b)(6)

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

II. Defendant's Motion to Dismiss

 A. Ripeness

Defendant's primary argument is that Plaintiff's Fifth Amendment takings claim is not ripe for review. "Ripeness is a constitutional prerequisite to [the] exercise of jurisdiction by federal courts." In re Old Carco, LLC, 470 B.R. 688, 698

4

(S.D.N.Y. 2012) (internal quotation marks and citation omitted). "In the area of land use, the doctrine of ripeness is intended to avoid premature adjudication of administrative action." Sunrise Dev., Inc. v. Town of Huntington, N.Y., 62 F. Supp. 2d 762, 770 (E.D.N.Y. 1999) (internal quotation marks and citation omitted).

A two prong test has been established by the United States Supreme Court to analyze the ripeness of alleged regulatory takings claims of property interests. See Williamson Cnty. Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985). The first prong asks whether a final decision has been reached by the "entity charged with implementing the regulations," and the second prong is a requirement that the plaintiff exhaust all "reasonable, certain, and adequate" state procedures to recover just compensation. Id. at 186, 194, 105 S. Ct. at 3116, 3120.

The dispute in the instant matter centers on the second prong of the Williamson test--whether the Plaintiff has exhausted all "reasonable, certain, and adequate" state procedures available to recover just compensation. Courts in this District have long recognized that the New York State Constitution provides a "reasonable, certain, and adequate provision for obtaining just compensation." See Country View Estates @ Ridge, LLC v. Town of Brookhaven, 452 F. Supp. 2d.

5

142, 156 (E.D.N.Y. 2006) (internal quotation marks and citation omitted); RKO Delaware, Inc. v. City of N.Y., No. 00-CV-2592, 2001 WL 1329060, at *5 (E.D.N.Y. Aug. 30, 2001) (discussing the New York State Constitution); see also N.Y. CONST. art. I, § 7(a) ("Private property shall not be taken for public use without just compensation."). In New York, a plaintiff may address a takings or just compensation claim either through an Article 78 proceeding or under New York's Eminent Domain Procedure Law. See Dreher v. Doherty, --- F. App'x ----, 2013 WL 4437180, at *2 (2d Cir. Aug. 21, 2013); accord Viteritti v. Inc. Vill. of Bayville, 831 F. Supp. 2d 583, 591 (E.D.N.Y. 2011).

Here, Plaintiff commenced an Article 78 proceeding following the BZA denial of her variance application. (Compl. ¶ 12; Miller Aff., Docket Entry 7-1, Ex A.) However, Plaintiff did not seek just compensation in that action, but rather sought a review and annulment of the BZA's decision. (Miller Aff. Ex. A.) Consequently, Plaintiff has not satisfied the ripeness requirements set forth in Williamson. See Island Park, LLC v. CSX Transp., 559 F.3d 96, 109 (2d Cir. 2009) ("Before a federal takings claim can be asserted, compensation must first be sought from the state if it has a reasonable, certain and adequate provision for obtaining compensation." (internal quotation marks and citation omitted)). Therefore Plaintiff's takings claim is not ripe for adjudication by this Court.

6

Plaintiff argues that any attempt to seek just compensation through state court procedures would have been futile because a pre-ownership regulation does not constitute a taking under the New York State Constitution and therefore, her only recourse is a federal action under the Fifth Amendment to the United States Constitution. (Pl.'s Opp. Br., Docket Entry 9, at 1-2.) However, this assertion fails for two reasons. First, "[a] regulatory taking claim . . . 'is unripe where a remedy potentially is available under the state constitution's provision.'" Nat'l Fuel Gas Supply Corp. v. Town of Wales, 904 F. Supp. 2d 324, 334-35 (W.D.N.Y. 2012) (quoting Vandor, Inc. v. Militello, 301 F.3d 37, 39 (2d Cir. 2002) (emphasis added)). Thus, that Plaintiff believed her efforts would have been futile is insufficient. See TZ Manor, LLC v. Danies, No. 08-CV-3293, 2009 WL 2242436, at *6 n.4 (S.D.N.Y. July 28, 2009) ("If the law were as Plaintiff suggest[s], a plaintiff alleging a Takings Clause violation in federal court could always avoid Rule 12(b)(1) dismissal on ripeness grounds merely by alleging that he or she would be unsuccessful in trying to obtain compensation through applicable State procedures." (emphasis in original)). Second, futility in initiating a State proceeding is an exception only to the first prong "final decision" requirement of the Williamson test, not to the second prong "exhaustion" requirement at issue here. See id. at *6.

7

Accordingly, Defendant's motion to dismiss Plaintiff's taking claim is GRANTED.

B. Collateral Estoppel

Defendant further asserts that, to the extent that Plaintiff's request for injunctive relief is an attempt to relitigate denial of her permit and variance requests, such claim is barred by collateral estoppel. (Def.'s Br., Docket Entry 7-2, at 7-8.) The Court agrees.

> The doctrine of collateral estoppel or issue preclusion applies when a litigant in a prior proceeding asserts an issue of fact or law in a subsequent proceeding, and the issue has been necessarily decided in the prior action, is decisive of the present action, and the litigant had a full and fair opportunity in the prior action to contest the decision.

33 Seminary LLC v. City of Binghamton, 869 F. Supp. 2d 282, 298 (N.D.N.Y. 2012).

Here, Plaintiff's second cause of action seeks an order mandating Defendant to either issue a building permit or variance permitting construction on the Property. (Compl. ¶ 30.) However, these were the very issues that Plaintiff raised in her Article 78 proceeding and subsequent appeal. (Miller Aff. Ex. A.) Furthermore, Plaintiff does not contest that such proceeding provided anything other than a full and fair opportunity to litigate the issues. See Borum v. Vill. of Hempstead, 590 F. Supp. 2d 376, 381 (E.D.N.Y. 2008) ("As a party

8

to the Article 78 [p]roceeding, Plaintiff had a full and fair opportunity to litigate those issues in the state court.").

Therefore, to the extent that Plaintiff intends to raise, in addition to her takings claim, a claim for injunctive relief regarding a building permit for variance, such claim is barred by collateral estoppel. According, Defendant's motion in this regard is GRANTED and any such claim is DISMISSED WITH PREJUDICE.

III. Dismissal With Prejudice

Finally, Defendant argues, and the Court agrees, that Plaintiff's taking claim must be dismissed with prejudice.

Although a dismissal without prejudice would typically be appropriate, Plaintiff's time to seek just compensation has passed, and therefore her claims can never be ripe. The BZA denied Plaintiff's variance application in October 2009. (Compl. ¶ 11.) However, the statute of limitations to commence an Article 78 proceeding is four months. See Vandor, Inc. v. Militello, 301 F.3d 37, 39 (2d Cir. 2002). And at most, Plaintiff would be entitled to a three-year statute of limitations, which has also passed. See Corsello v. Verizon N.Y., Inc., 18 N.Y.3d 777, 787, 967 N.E.2d 1177, 1183, 944 N.Y.S. 2d 732, 738 (N.Y. 2012) ("The Appellate Division held that actions in inverse condemnation are governed by a three-year statute of limitations that runs from the time of the

9

taking."); Linzenberg v. Town of Ramapo, 1 A.D. 3d 321, 322, 766 N.Y.S. 2d 217, 218 (N.Y. App. Div. 2d Dep't 2003) ("Since the gravamen of the complaint was to recover damages for inverse condemnation, the three-year statute of limitations set forth in CPLR 214 (4) applies."); see also N.Y. E.D.P.L. § 503(A).

Therefore, Plaintiff's takings claims are DISMISSED WITH PREJUDICE. See Vandor, 301 F.3d at 39.

CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   December   9  , 2013
         Central Islip, New York

10